**IN THE COURT OF APPEALS OF IOWA**

No. 22-0149
Filed March 30, 2022

**IN THE INTEREST OF B.C.,**
**Minor Child,**

**H.C., Mother,**
     Appellant.
_____


     Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.


     A mother appeals the termination of her parental rights.  **AFFIRMED.**


     Alexandra M. Nelissen of Advocate Law, PLLC, Clive, for appellant mother.

     Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney

General, for appellee State.

     Erin Romar, Des Moines, attorney and guardian ad litem for minor child.


     Considered by Ahlers, P.J., Badding, J., and Scott, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights,[1] contending there was not clear and convincing evidence the child could not be returned to her care at the time of the termination hearing and termination is not in the child's best interests. We affirm.

B.C. was born in February 2020. The child was removed from his mother's care and adjudicated a child in need of assistance in May 2021 due to the mother's methamphetamine use in the child's presence and the child testing positive for the substance.[2] B.C. was placed in foster care and was brought up-to-date on pediatric well-child care. The child remained in foster care at the time of the November 23 termination-of-parental-rights hearing.

At the hearing, the mother reported her last use of methamphetamine was four days prior and that she was awaiting an opening in a residential treatment program. While she had obtained two substance-abuse evaluations,[3] she had not participated in any substance-abuse treatment or recommended mental-health treatment during the life of the proceedings. The mother did not believe her methamphetamine use affected her parenting ability but did affirm the statement that "a parent using methamphetamine should not have a child returned to their care if they are not in any type of substance abuse treatment." She expressed a readiness to enter residential treatment at that time. The mother was living in the maternal grandmother's home and had been working approximately one shift per

---

[1] No putative father appealed the termination of their parental rights.
[2] The mother stipulated the child was in need of assistance.
[3] A recent chemical-dependency assessment diagnosed the mother with severe amphetamine-type use disorder and moderately severe depression.

week for about one month. She had three outstanding warrants that kept her from visiting B.C.—she stated she would deal with the warrants when she entered into the treatment program. The mother asked that she be given additional time.

The juvenile court terminated the mother's rights pursuant to Iowa Code section 232.116(1)(h) (2021),[4] and the mother appeals.

The mother first asserts there is not clear and convincing evidence the child could not be returned to her at the time of the hearing. On our de novo review, *see A.M.*, 843 N.W.2d at 110, we adopt the juvenile court's findings and conclude the child cannot be returned to the mother's custody at present because the child

> would continue to be subjected to adjudicatory harm as defined by Iowa Code [section] 232.2(6)(c)(2) if returned to the custody of his mother because of her continued use of methamphetamine and her unresolved mental health issues. [The mother] cannot safely parent [B.C.] while continuing to use methamphetamine; especially without a genuine effort to engage in substance use disorder treatment. [The mother] also currently has several outstanding warrants. [She] chose not to resolve those warrants knowing this would interfere with her ability to have contact with [the child].
> . . . .
> This ground is met by clear and convincing evidence.

---

[4] A court may terminate parental rights under section 232.116(1)(h) if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

"At the present time" means at the time of the termination proceeding. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

We must also address the mother's contention that termination of parental rights is not in the child's best interests. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the [child]'s best interests."). We are to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

"While we recognize the law requires a 'full measure of patience with troubled parents who attempt to remedy a lack of parenting skills,' Iowa has built this patience into the statutory scheme of Iowa Code chapter 232." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (citation omitted). For a child three years of age or younger, the limitation period is six months. *Id.* "Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency." *Id.* at 495.

B.C. had been out of parental custody for about seven months at the time of the termination hearing. Yet, the mother made little to no progress in addressing her substance-abuse and mental-health issues. Again, we adopt the juvenile court's language:

> [The mother] is not able to provide for [B.C.]'s immediate needs due to her substance use and mental health issues. [B.C.] has lived in foster care for the past seven months moving between the caregiving in the foster home and visits with his mother. [B.C.] needs to have stability and predictability. [B.C.] has shown some

distress when contact with [the mother] changes. Although [the mother] has had nurturing and positive visits with [B.C.], she has also chosen not to resolve her arrest warrants—which were outstanding at the permanency hearing in September and still active at the termination hearing in November—knowing this would disrupt her contact with [B.C.]. This has weakened her relationship with [B.C.] Termination of parental rights and adoption will provide [B.C.] with the consistency and stability he needs and is in his best interest.

Because grounds for termination exist and termination is in the child's best interests,[5] we affirm.

**AFFIRMED.**

---

[5] To the extent the mother argues her bond with the child precludes termination of her parental rights, *see* Iowa Code section 232.116(3)(c), we agree with the juvenile court that she failed to meet her burden to establish that permissive exception. *In re A.S.,* 906 N.W.2d 467, 475-76 (Iowa 2018).